## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

### NO. 5:11-CT-3107-F

| | |
|---|---|
| TROY D. KINCHEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     **ORDER** |
| | ) |
| CHAD BOWEN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court upon Plaintiff's July 12, 2013 filing [DE-40]. On June 13, 2011, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants used excessive force during an August 2, 2008 arrest. Compl. [DE-1]. Plaintiff was incarcerated when he initially filed this complaint, but was released during the pendency of his claim. See January 31, 2013, Order [DE-37], p. 2. His claims survived frivolity review on January 11, 2012. January 11, 2012, Order [DE-13]. During its frivolity review, the court specifically noted that Plaintiff's claim survived in part because it did "not appear to challenge the validity of his subsequent conviction." Id. at p. 3 (citing Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (to recover money damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus)). Ultimately, however, Plaintiff's claims were dismissed due to his failure to prosecute and abandonment of claims. January 31, 2013, Order [DE-37]. Specifically, after Plaintiff was released from custody, he failed to provide the court with a post-incarceration mailing address. Id. at p. 2.

On July 12, 2013, Plaintiff filed the instant document. [DE-40]. The filing is apparently a response to the court's January 12, 2012 frivolity review. Specifically, he notes that, in fact, he does intend to challenge the validity of his convictions. Id. To that end, he has attached various documents demonstrating that he pursued state post-conviction relief.[1] Pl. Ex. [DE-40-1]. He also attaches a handwritten "writ of habeas corpus", bearing the caption of the instant case, requesting that the court "overturn unconstitutional convictions." Id. at p. 34. Notably, Plaintiff does not address his failure to prosecute his 42 U.S.C. § 1983 claim.

In summary, Plaintiff's request is DENIED to the extent that he seeks reconsideration of any prior order of this court. To the extent seeks to challenge any of his convictions, the Clerk of Court is directed to provide Plaintiff with the proper forms for filing a claim pursuant to 28 U.S.C. § 2254. Should Plaintiff file a § 2254 petition, Plaintiff is instructed to attach a copy of this order and his July 12, 2013 filing to his petition. The undersigned takes no position on the viability of Plaintiff's potential § 2254 claims.

SO ORDERED. This the $\frac{18}{}$ day of December, 2013.

James C. Fox
JAMES C. FOX
Senior United States District Judge

---

[1] It is not clear whether Plaintiff has fully exhausted his state remedies. Nor is it clear whether Plaintiff only challenges the conviction resulting from his August 2, 2008 arrest.

2